`

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HANK DRAGER, individually and on behalf of all others similarly situated, | ) CASE NO. 10-4155 ) ) JUDGE MILTON SHADUR |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PNC BANK, N.A., d/b/a NATIONAL CITY BANK, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant PNC Bank, N.A. ("PNC") responds as follows to each numbered paragraph of the Class Action Complaint (the "Complaint") filed in the above-captioned case.

## PARTIES

Complaint, ¶1:   Plaintiff Drager is an Illinois citizen and resides in this district.

ANSWER:   PNC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

Complaint, ¶2:   Defendant PNC BANK, N.A. doing business as National City Bank is a bank with its branches and offices located in this district and is deemed to reside in this district.

ANSWER:   PNC admits that it does business in this district and that it is a bank. PNC denies the remaining allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

Complaint, ¶3:   This Court has original jurisdiction in the cause pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § *et seq.*

ANSWER:   Admitted.

Complaint, ¶4:   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the transactions at issue occurred in this district, Plaintiff resides in this district, and the transaction giving rise to this cause of action occurred in this district.

ANSWER:   PNC admits that venue is proper in this district. PNC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the Complaint.

## STATUTORY AND REGULATORY AUTHORITY

Complaint, ¶5:   The electronic Funds Transfer Act, 15 U.S.C. § 1693 *et. seq.* ("EFTA"), and its implementing regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

ANSWER:   Admitted.

Complaint, ¶6: Specifically, 15 U.S.C. § 1693B(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

ANSWER: Admitted.

Complaint, ¶7: Section 15 U.S.C. § 1693b(d)(3)(C) of the EFTA, and section 12 C.F.R. § 205.16(e) of Regulation E, prohibits the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

ANSWER: Denied. PNC admits that 15 U.S.C. § 1693b(d)(3)(C) of the EFTA and section 12 C.F.R. § 205.15(e) of Regulation E prohibit fees that are not "properly disclosed and explicitly assumed" by the customer unless an affirmative defense applies.

## FACTS

Complaint, ¶8: On February 6, 2010, Plaintiff used the automated teller machine ("ATM") number NC2602 ("ATM NC2602), located at 5050 Broadway St., Chicago, IL 6040, Cook County.

ANSWER: PNC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint.

Complaint, ¶9: On February 6, 2010, Plaintiff was charged $3.00 to withdraw money from ATM NC2602.

ANSWER: PNC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint.

Complaint, ¶10: On February 6, 2010, there was no Fee Notice posted on or near ATM NC2602 that disclosed that users would be charged any fee for using ATM NC2602.

ANSWER: Denied.

Complaint, ¶11: On April 4, 2010, Plaintiff used the automated tell machine ("ATM") number NC2602 ("ATM NC2602"), located at 5050 Broadway St., Chicago, IL 6040, Cook County.

ANSWER: PNC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint.

Complaint, ¶12: On April 4, 2010, Plaintiff was charged $3.00 to withdraw money from ATM NC2602 and $2.50 by his bank for checking his account's balance.

3

ANSWER: PNC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint.

Complaint, ¶13: On April 4, 2010, there was no Fee Notice posted on or near ATM NC2602 that disclosed that users would be charged any fee for using ATM NC2602.

ANSWER: Denied.

Complaint, ¶14: At all times relevant hereto, Defendant owns and maintains ATM NC2602 and, therefore, is an ATM operator.

ANSWER: Admitted.

## COUNT 1

Complaint, ¶15: Plaintiff re-alleges and incorporates by reference paragraphs 1-14.

ANSWER: PNC incorporates its denials, admissions, and averments in paragraphs 1 through 14 as if fully re-written here.

Complaint, ¶16: Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use of ATM NC2602, located at 5050 Broadway St., Chicago, IL 60640.

ANSWER: Responding to paragraph 16 of the Complaint, PNC admits that Plaintiff purports to bring this action as a putative class action. PNC denies that this action may be properly brought as a class action.

Complaint, ¶17: On information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The identity and actual number of putative Class members is in the exclusive control of Defendant.

ANSWER: Denied.

Complaint, ¶18: Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

    a. Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and

4

    b. Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

ANSWER:    Denied.

Complaint, ¶19:    Plaintiff's claims are typical of the claims of the putative Class members, including:

    a. Plaintiff and all putative Class members used an ATM operated by Defendant;

    b. Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

    c. Defendant illegally imposed a fee on Plaintiff and all putative Class members for their respective use of ATM NC2602.

ANSWER:    Denied.

Complaint, ¶20:    Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

ANSWER:    Denied.

Complaint, ¶21:    Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

ANSWER:    Denied.

Complaint, ¶22:    This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

ANSWER:    Denied.

Complaint, ¶23:    The size of each putative Class member's actual damages is too small to make individual litigation an economically viable option.

ANSWER:    Denied.

Complaint, ¶24:    Plaintiff anticipates no unusual difficulties in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

ANSWER:    Denied.

Complaint, ¶25:    Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

ANSWER: Admitted.

Complaint, ¶26: Defendant was the operator of ATM NC2602 at all times relevant to this action.

ANSWER: Admitted.

Complaint, ¶27: Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

ANSWER: Denied.

Complaint, ¶28: Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant therefore illegally imposed a fee on Plaintiff and all putative Class members for their respective use of ATM NC2602.

ANSWER: Denied.

## AFFIRMATIVE AND GENERAL DEFENSES

1. The claims asserted in the Complaint fail to set forth facts or allegations upon which relief can be granted.

2. The claims asserted in the Complaint are barred by the applicable statute of limitations and/or the doctrine of laches.

3. The claims asserted in the Complaint are barred by the doctrine of estoppel.

4. The claims asserted in the Complaint are barred by the doctrine of waiver.

5. Plaintiff's claim for statutory damages should be barred or reduced by application of the factors set forth in 15 U.S.C. § 1693m(b).

6. The claims asserted in the Complaint are barred by 15 U.S.C. § 1693m(c) because PNC followed reasonable procedures intended to comply with the EFTA.

7. The claims asserted in the Complaint are barred by 15 U.S.C. § 1693m(d) because all actions taken by PNC were done in good faith and in conformity with regulations promulgated by the Federal Reserve Board.

8. The claims asserted in the Complaint are barred by 15 U.S.C. § 1693h(d) to the extent signage was removed, damaged, or altered by someone other than PNC.

9. The claims asserted in the Complaint are barred by the doctrines of ratification or consent.

10. PNC denies that Plaintiff and/or any member of the purported class has suffered any damages or injuries whatsoever, and further denies that it is liable to Plaintiff or any member of the purported class for any damages or injury claimed.

11. To the extent that members of the purported class suffered any injuries or damages, which PNC denies, such injuries or damages are capped at $500,000.00 as set forth in 15 U.S.C. § 1693m(a)(2)(B).

12. Under applicable law and the due process protections of the U.S. Constitution, the amount of any claimed statutory damages in any putative class action may not exceed the amount of actual damages proven with respect to each class member. *See e.g.,* 15 U.S.C. § 1693m(a)(2)(B); *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

13. Plaintiff cannot establish the requirements of Federal Rule of Civil Procedure 23 because this action cannot be properly maintained as a class action.

WHEREFORE, PNC respectfully prays that judgment be entered in favor of PNC on all claims and defenses, as follows:

A) That the Complaint be dismissed with prejudice in all respects.

B) That PNC be awarded its costs and attorneys fees; and

C) That the Court award PNC such other relief as this Court may deem proper and just.

Dated: September 13, 2010

PNC Bank, N.A.

Respectfully submitted,

s/ Michael N. Ungar
Michael N. Ungar (0016989)
Melissa L. Zujkowski (0078227)
Erika Imre Schindler (0084579)
ULMER & BERNE LLP
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
Fax: (216) 583-7001
mungar@ulmer.com
mzujkowski@ulmer.com
eschindler@ulmer.com

Attorneys for Defendant
PNC Bank, N.A.

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2010 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s/ Melissa L. Zujkowski
          One of the Attorneys for Defendant

1857633v1
35213.00020