```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

HANK DRAGER, etc.,                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    No.  10 C 4155
                                  )
PNC BANK, N.A., etc.,             )
                                  )
            Defendant.            )

<u>MEMORANDUM ORDER</u>

    PNC Bank, N.A. ("PNC") has filed its Answer and Affirmative Defenses ("ADs") to the putative class action Complaint brought against it by Hank Drager ("Drager"), both individually and as the proposed class representative. This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

    First a minor item: In Answer ¶2 PNC follows its admission that it does business in this district with a denial of "the remaining allegations in paragraph 2 of the Complaint," which in this instance encompasses the Complaint ¶2 allegation that PNC "is deemed to reside in this district." But in that respect, of course, 28 U.S.C. §1391(c) expressly confirms that "deemed to reside" assertion for venue purposes, and indeed Answer ¶4 admits the propriety of invoking venue in this district. So it would appear that PNC's denial is ill-founded.

    Of course such a minor item would not have occasioned the need for this memorandum order. Instead the real problem with

the pleading lies in its passel of ADs--fully 13 of them!

In this instance 13 is indeed the unlucky number for PNC and its counsel. For example:

    1. AD 1 is the essential equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion. Quite apart from the question of the propriety of advancing that as an AD in the true sense of the provisions of Rule 8(c) and the caselaw applying it (see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), if PNC truly believes that the Complaint--with all of its allegations being credited together with reasonable inferences in Drager's favor--does not state a claim for relief, PNC must advance that contention by a motion with proper support. In the meantime AD 1 is stricken.

    2. It is simply unacceptable for PNC's counsel to parrot items in the Rule 8(c) laundry list--limitations, laches, estoppel, waiver, ratification, consent and the like. Defendants as well as plaintiffs are subject to the obligations of notice pleading that inform the Rules, and such a skeletal recital is totally uninformative in that regard. If PNC really has any good faith objective grounds (see Rule 11(b)) for asserting any such defenses, it must do so in an appropriately fleshed-out manner. In the meantime ADs 2 through 4 and AD 9 are stricken.

     3. Much the same should be said as to ADs 5 through 7, particularly given the Complaint's allegations that PNC's ATMs did not disclose on the ATM itself, as well as on the ATM screen, the imposition of a fee. Again more than PNC's ipse dixit is required.

     4. AD 8 is entirely speculative, something tipped off by the telltale use of the phrase "to the extent." It too is stricken, this time without prejudice to its possible future reassertion if the facts developed during the course of the litigation reveal that someone other than PNC did indeed remove, damage or alter the statutorily required signage.

     5. AD 10 disclaims the existence of any damages or injuries on the part of Drager or any putative class member, but that ignores the legislation's inclusion of statutory damages as a measure of relief. Hence AD 10 requires some blue penciling if it is to be retained.

It is of course possible that Drager's counsel may assert other flaws in PNC's responsive pleading, for this memorandum order has been limited to matters that appear clearly problematic. If any such contentions are advanced, that would

have to be done by an appropriately noticed-up motion.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  September 16, 2010